NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0284n.06

No. 25-5724

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 29, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA )
    Plaintiff-Appellee, )
  )
v. )
  )
STEPHEN VOSILLA, )
    Defendant-Appellant. )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: BOGGS, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Stephen Vosilla appeals the revocation of his supervised release. We reject his arguments and affirm.

I.

In 2010, Vosilla persuaded two minor girls to send him sexually explicit videos of themselves. He then threatened to distribute the videos unless the girls sent more. Police learned of the scheme, obtained a warrant to search Vosilla's Tennessee residence, and found hundreds of digital images and videos containing child pornography. Vosilla later pled guilty to possession of child pornography. The district court sentenced him to 70 months' imprisonment, to be followed by 25 years of supervised release.

In October 2019, Vosilla began his term of supervised release. His conditions of release required him to refrain from committing new criminal offenses, to comply with

Tennessee's sex-offender-registration laws, and to obtain his probation officer's approval before possessing or using any internet-capable device.

A year later, Vosilla told his probation officer that he had purchased a smart TV and three gaming consoles: an Xbox 360, a Nintendo Switch, and a PlayStation 4. Vosilla admitted that he had used the internet-capable consoles and knew the password to his family's Wi-Fi network. The probation officer reprimanded Vosilla and instructed him not to use the devices. Later, Vosilla reported that he had purchased a PlayStation 5. The probation officer again told him not to use the device, and Vosilla agreed to store it in a closet with the other consoles.

In December 2024, Sony Interactive Entertainment reported to the National Center for Missing and Exploited Children a series of PlayStation online chats that appeared to involve the exploitation of a minor. The chats were between "Emily," a 15-year-old girl in Iowa, and a user named "tastyDVAyum96," whose IP address traced to Vosilla's residence. The user discussed pornography with Emily and asked her to send nude photos of herself. Emily eventually blocked the user. In a chat with Emily's sister, another account tied to Vosilla's IP address threatened to distribute Emily's photos unless she unblocked tastyDVAyum96.

Police interviewed Emily and her sister and then obtained a warrant to search Vosilla's residence. Hamblen County detective Pamela Phillips executed the warrant and found a PlayStation 5 beside Vosilla's bed and a plugged-in Nintendo Switch and Xbox in the den. Vosilla waived his *Miranda* rights and spoke with Phillips. He admitted that he owned the PlayStation 5 and Xbox and knew he was not supposed to have them. He also admitted that he occasionally used his mother's phone to access the internet and had used three email addresses without reporting them, as required by Tennessee's sex-offender-registration laws. Police ultimately arrested Vosilla for violating those laws.

Vosilla's probation officer thereafter petitioned the district court to revoke his supervised release. The petition alleged three violations: (1) Vosilla committed a new criminal offense by failing to report his email addresses; (2) he violated the condition requiring compliance with Tennessee's sex-offender-registration laws; and (3) he possessed and used internet-capable gaming consoles without approval.

The district court held a revocation hearing. Vosilla's probation officer testified about the conditions of Vosilla's supervised release, her interactions with Vosilla, and the alleged violations. Detective Phillips testified about the tip from Sony, the search of Vosilla's residence, her interview with Vosilla, and the new Tennessee charge. (At the time of the hearing, that charge had been dismissed, but Phillips testified that the case would later go before a grand jury.) The district court found by a preponderance of the evidence that Vosilla had committed all three violations. The court then revoked Vosilla's supervised release and sentenced him to 18 months' imprisonment, to be followed by a new 25-year term of supervised release. This appeal followed.

II.

We review the district court's legal conclusions de novo, its factual findings for clear error, and its decision to revoke a defendant's supervised release for an abuse of discretion. *See United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009).

Vosilla challenges the sufficiency of the evidence supporting the district court's conclusion that he had violated the conditions of his supervised release. A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of release. 18 U.S.C. § 3583(e)(3). Here, at the revocation hearing, Phillips testified that Vosilla admitted that he had used three email accounts without registering them, as Tennessee law required. Phillips further testified that Tennessee authorities had charged Vosilla with

violating the state's sex-offender-registration laws based on that conduct. The district court credited Phillips's testimony, and Vosilla did not present evidence to rebut it. The court therefore properly found that Vosilla had committed a new criminal offense and failed to comply with Tennessee's sex-offender-registration requirements, in violation of two conditions of his supervised release.

Phillips also testified that the IP address provided by Sony had been traced to Vosilla's residence and that officers had found a PlayStation beside Vosilla's bed and an Xbox in the den. Phillips added that Vosilla admitted that he owned those devices and knew he was not permitted to have them. Ample circumstantial evidence therefore supported the district court's finding that Vosilla had used an internet-capable device without his probation officer's approval, in violation of a condition of his supervised release. *See United States v. Mack*, 808 F.3d 1074, 1080 (6th Cir. 2015).

Vosilla responds that the Sony tip was inadmissible hearsay and that the district court abused its discretion by relying on it. But the court made clear that "the only issue" before it was whether Vosilla had possessed or used internet-capable devices. R. 159, PageID 2133. Evidence independent of the Sony tip established that violation: officers found such devices in Vosilla's residence, and Vosilla admitted that he possessed them without approval. Thus, even without the Sony tip, sufficient evidence supported revocation.

Finally, Vosilla argues that the district court abused its discretion in crafting Vosilla's sentence, he says, based on unproven allegations rather than proven violations. We construe this argument as a procedural-reasonableness challenge, which we review for abuse of discretion. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Here, the court properly considered the applicable § 3553(a) factors, including Vosilla's history and characteristics, the need for

deterrence, and the need to protect the public. 18 U.S.C. §§ 3553(a), 3583(c). The court permissibly considered that Vosilla's original offense involved the exploitation of minors through the internet and that he had possessed internet-capable devices without approval during supervised release. Against that backdrop, the court acted within its discretion when it considered the evidence involving Emily and concluded that "there's a strong need to protect the Emilys of the world from Mr. Vosilla." R. 159, PageID 2137.

The district court's judgment is affirmed.